**FILED**
**Sep 16, 2022**
**11:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Zachary Poole,** | ) | **Docket No.: 2022-01-0453** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Rhea Ambulance Service, LLC,** | ) | **State File No.: 49581-2022** |
| **Employer,** | ) | |
| **and** | ) | |
| **Employers Alliance Insurance,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |

## COMPENSATION ORDER OF DISMISSAL WITH PREJUDICE

Zachary Poole filed a Petition for Benefit Determination (Petition) alleging that he developed post-traumatic stress disorder (PTSD) from observing multiple disturbing incidents while working as an emergency technician.[1] Rhea Ambulance seeks dismissal on the pleadings for lack of subject matter jurisdiction, failure to state a claim for a mental injury under the Workers' Compensation Law, and failure to comply with the statute of limitations. Mr. Poole opposes dismissal and asks that his claim proceed.

For the reasons below, the Court grants Rhea Ambulance's motion to dismiss.

### Statement of Facts

Mr. Poole filed his Petition on June 20, 2022, seeking benefits for PTSD, an allegedly work-related mental injury unconnected to a physical condition. He listed his date of injury as June 24, 2021, the date of his diagnosis of PTSD.

However, in a written narrative attached to and filed as a part of his Petition, Mr. Poole described the basis of his action as follows:

---

[1] During the hearing, Mr. Poole argued that his injury is not a mental injury because PTSD causes physical injury to the brain. Rhea Ambulance objected because Mr. Poole did not make this claim in his Petition. The Court sustains the objection.

1

There is no specified date of injury as PTSD is also recognized as a mental illness that can manifest itself because of chronic stress and repeated exposure to traumatic events and circumstances. Additionally, it can take years before the condition fully manifests itself and proper diagnosis can be made. I can provide a few instances of calls I've been on to put my situation into context.

He then described three incidents in his narrative. The first two incidents occurred before July 1, 2014, the date of the creation of the Court of Workers' Compensation Claims. The third incident occurred in July 2015. Mr. Poole also stated in his Petition that "I could give many other examples . . . of what I experienced while working for Rhea EMS." However, he chose not to provide the details of those incidents.[2] Finally, he stated Rhea Ambulance had not paid any benefits at all.

Rhea Ambulance moved to dismiss Mr. Poole's claim on the pleadings under Tennessee Rule of Civil Procedure 12.02(1) and (6) (2021). It argued that, because Mr. Poole based his claim on multiple incidents, some of which occurred before the Court of Workers' Compensation Claims came into existence, his Petition failed to: (1) establish that the Court of Workers' Compensation Claims has subject matter jurisdiction; (2) state a claim for a mental injury for which the Workers' Compensation Law provides recovery; and (3) establish that he filed his Petition within the applicable statute of limitations.

During a hearing on the motion, Mr. Poole argued that the Court has jurisdiction because his PTSD was caused, in part, by his observation of an incident in July 2015, in which a teenage driver was killed in a vehicle collision. He argued that his PTSD related to multiple disturbing incidents he had observed while working for Rhea Ambulance and, as such, he is entitled to recover benefits. Lastly, he argued that he complied with the statute of limitations because he filed suit within a year after he received his diagnosis of PTSD.

**Analysis**

In deciding whether to dismiss a case on the pleadings under Rule 12.02, a Court must only consider the content of the pleading in question, here Mr. Poole's Petition.[3] The Court does not consider what the evidence might show at a hearing. Furthermore, the Court assumes the truthfulness of the facts pleaded in the Petition. *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422 (Tenn. 2011).

---

[2] Mr. Poole's Petition contains allegations that are irrelevant to a workers' compensation claim, including Rhea Ambulance's negligence for failing to provide debriefing and counseling, for overworking him and not providing time off after disturbing incidents, and for retaliation and intimidation against him for filing this claim.

[3] *See Duck v. Cox Oil Co.,* 2016 TN Wrk. Comp. App. Bd LEXIS 2, at *6 (Jan. 21, 2016), holding that, in the Court of Workers' Compensation Claims, a Petition for Benefit Determination is equivalent to a complaint as set forth in the Tennessee Rules of Civil Procedure.

The Court first considers whether Mr. Poole's Petition stated sufficient facts to establish that the Court of Workers' Compensation Claims has subject matter jurisdiction. Tennessee Code Annotated section 50-6-237 provides, "There is created the court of workers' compensation claims . . . which shall have original and exclusive jurisdiction over all contested claims for workers' compensation benefits *when the date of the alleged injury is on or after July 1, 2014.* (Emphasis added.)

The Court of Workers' Compensation Claims is a creature of statute. Since the statute that created the Court limits its jurisdiction to cases with an alleged date of injury on and after July 1, 2014, this Court does not have jurisdiction to decide cases arising before that date. *Nickerson v. Knox County,* E2020-01286-SC-R3-WC, 2021 Tenn. LEXIS 124 (Tenn. App. Panel 2020).

In *Nickerson*, a Supreme Court Appeals Panel considered when the date of injury occurs for a mental injury under the Workers' Compensation Law. There, a forensics technician for the sheriff's department claimed a mental injury from observing disturbing incidents that occurred before July 1, 2014. However, she claimed the Court of Workers' Compensation Claims had jurisdiction because she became disabled from and received a diagnosis for PTSD after July 1, 2014.

The Panel in *Nickerson* disagreed, holding that the date of injury for a mental injury coincides with the date of the occurrence of the disturbing incident that allegedly caused the employee's mental injury. The Panel based its decision on several factors, including Tennessee Code Annotated section 50-6-102(17), which defines "mental injury" as the "loss of mental faculties, or a mental or behavioral disorder, arising primarily out of . . . *an identifiable work-related event resulting in sudden or unusual stimulus*." (Emphasis added.) Furthermore, the Panel held that Tennessee law does not provide recovery for gradually occurring mental injuries. For these reasons, the Panel remanded the case for dismissal because the Court of Workers' Compensation Claims did not have subject matter jurisdiction over the employee's mental injury.

Here, Mr. Poole alleged in his Petition that his PTSD was caused by two disturbing incidents predating July 1, 2014, an incident in July 2015, and other undated incidents over the course of his employment at Rhea Ambulance. While he did plead that an incident within the period of the Court's jurisdiction contributed to his mental injury, he did not plead that incident *solely* caused his injury. In fact, he did not plead that his mental injury arose from a single disturbing incident but, instead, arose from his observation of multiple disturbing incidents. Thus, the Court holds that Mr. Poole did not state in his Petition sufficient facts to establish that the Court of Workers' Compensation Claims has subject matter jurisdiction over his alleged injury.

For the above reasons, the Court grants Rhea Ambulance's motion to dismiss Mr.

Poole's case under TRCP 12.02(1) with prejudice to its refiling.[4]

Rhea Ambulance or its carrier shall forward the $150.00 filing fee to the Clerk of the Court of Workers' Compensation Claims within five business days of the date of the issuance of this order. Counsel for Rhea Ambulance shall forward the Clerk a completed SD2 form documenting the conclusion of this case.

**IT IS ORDERED**.

**ENTERED September 16, 2022.**

_____
Thomas Wyatt

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on September 16, 2022.

| Name | Certified Mail | Email | Service sent to: |
|------|---------------|-------|------------------|
| Zachary Poole Employee | | X | Zpoole9029@gmail.com 1351 Passenger Street, Apt 372 Chattanooga, TN 37408 |
| Chris Rowe Employer's Attorney | | X | cgrowe@mijs.com jkprendergast@mijs.com |

_____
Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**

---

[4] This decision makes Rhea Ambulance's lack of causation and statute of limitations defenses moot.



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board.  *See the Rules governing the Workers' Compensation Appeals Board on  the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*